## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

NAJIBULLAH NOOR,

      Petitioner,

      v.

U.S. DEPARTMENT OF
HOMELAND SECURITY, et al.,

      Respondents.

CIVIL ACTION NO. 3:26-cv-02045

(SAPORITO, J.)

## ORDER

On July 21, 2026, the petitioner, appearing through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. In this petition, Najibullah Noor, a native and citizen of Afghanistan, challenges the legality of his detention in the custody of U.S. Immigration and Customs Enforcement ("ICE"). The named respondents to the petition are: the U.S. Department of Homeland Security; ICE itself; Todd Blanche, the Acting United States Attorney General; and FCI Lewisburg, a federal correctional institution.

At the time of filing, Noor was being held in ICE custody at FCI Lewisburg, located in Union County, Pennsylvania. Thus, the warden of FCI Lewisburg is his immediate custodian and the sole proper

respondent to this petition under Third Circuit precedent. *See* 28 U.S.C. § 2243; *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994). *But see Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (recognizing circuit split and declining to resolve it). The petitioner, however, will not be required to submit an amendment. Instead, the Court will direct service of the petition only upon the proper respondent and the United States Attorney.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.     The Court exercises its discretion under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, to apply those rules to this § 2241 petition.

2.     **COUNSEL FOR THE PETITIONER** shall serve a copy of the petition (Doc. 1) and this Order on the proper respondent, the **Warden of FCI Lewisburg**, and on the **United States Attorney**, and promptly thereafter file a certificate of service.

3.     The Clerk shall note the address of the United States Attorney on the front of the docket sheet of this case, and all documents filed by the parties and by the Court shall be served upon the United States Attorney. *See* R. 4, 28 U.S.C. foll. § 2254.

4.     Within **twenty-one (21) days** after entry of this Order, the

respondent shall file an answer, motion, or other response to the allegations of the petition. *See* R. 4, 28 U.S.C. foll. § 2254; R. 5, 28 U.S.C. foll. § 2254.[1]

5.    The petitioner shall, if he so desires, file a reply to the respondent's answer or other pleading within **fourteen (14) days** after its service. *See* R. 5(e), 28 U.S.C. foll. § 2254.

6.    A determination as to whether the petitioner shall be produced for a hearing will be held in abeyance pending the filing of the respondent's answer or other pleading.

7.    To the extent the petition requests a temporary restraining order or preliminary injunctive relief,[2] the petitioner has failed to comply with the procedural requirements of Fed. R. Civ. P. 7(b)(1) ("A request for

---

[1] We note that, citing 28 U.S.C. § 2243, the petition requests that the court order the respondent to show cause *within three days* why the petition should not be granted. *See* Pet. ¶ 18, prayer for relief ¶ 6, Doc. 1. *But see* R. 4, 28 U.S.C. foll. § 2254 (providing that the court "must order the respondent to file an answer, motion, or other response within a fixed time"); *see also Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (explaining that, because the Rules Governing 2254 Cases were promulgated by the Supreme Court pursuant to 28 U.S.C. § 2072, which provides that all non-substantive "laws in conflict with such rules shall be of no further force or effect after such rules have taken effect," the discretionary period permitted under Rule 4, 28 U.S.C. foll. § 2254, prevails over the three-day time period stated in 28 U.S.C. § 2243).

[2] *See, e.g.*, Pet. prayer for relief ¶¶ 2, 3.

a court order must be made by motion."), Fed R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."), and Fed. R. Civ. P. 65(b)(1) (requiring specific facts in an affidavit or verified complaint to clearly show immediate and irreparable harm will result before the respondent can be heard in opposition and an attorney's certification of efforts to give notice or why notice should not be required), and thus such request is **DENIED without prejudice**.

Dated: July 27, 2026                      *s/Joseph F. Saporito, Jr.*
                                          JOSEPH F. SAPORITO, JR.
                                          United States District Judge